**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 22, 2011

Lyle W. Cayce
Clerk

No. 10-61004
Summary Calendar

NORMAN G. GOBERT,

Plaintiff-Appellant,

versus

SAITECH, INCORPORATED; COMPUTER SCIENCES CORPORATION,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:09-CV-673

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Norman Gobert appeals a summary judgment in favor of Saitech, Inc.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-61004

("Saitech"), on Title VII and ADEA hostile-work-environment and disparate-treatment claims, and a Title VII retaliation claim.[1]  We affirm.

I.

Gobert is a black, 48-year-old IT support specialist who worked for Saitech since March 2006.  Around July 2008, Saitech sent him to work on-site at the NASA Shared Service Center ("NSSC") under the supervision of CSC.  As part of his duties, he was responsible for ensuring that all secure NSSC documents were processed on a daily basis.

In October and November 2008, according to CSC's IT director, Rachel Raines, Gobert failed to monitor the processing of NSSC documents for more than a week, so Gaines demanded in a letter to Saitech that he be immediately removed from NSSC facilities because his actions "indicated a complete unwillingness to comply with legitimate management direction and caused unacceptable disruptions in the flow of documents."  Gaines further explained that Gobert's actions caused "serious damage" to NSSC's performance and "resulted in serious client concerns."  She stated in her affidavit that Gobert had been reminded of his document processing duties "on multiple occasions."

Saitech says that because it had no other contracts on which to staff Gobert, it immediately terminated his employment.  Gobert alleges that those reasons were pretexts and that he was terminated because of his race and age.

II.

Assuming *arguendo* that Gobert made out a *prima facie* case of disparate treatment based on race and age, a plaintiff must produce substantial evidence

---

[1] The district court also granted summary judgment to Computer Sciences Corporation ("CSC"), the company that supervised Gobert, because it was not his employer.  Gobert does not appeal that decision.

No. 10-61004

that the defendant's nondiscriminatory reason for a termination is merely a pretext for illegal discrimination.[2]  As evidence of pretext, Gobert points to (1) his favorable performance review about a month before the termination, as well as previous positive reviews and an earlier promotion, (2) a white co-worker's alleged comment to other co-workers that they should "be careful what you say in front of [Gobert] because [he] is black," and (3) CSC's approval of cell phones for some white IT employees but not for Gobert.

That is not "substantial" evidence of pretext sufficient to overcome summary judgment.  The performance reviews and the promotion do not speak to Gobert's actions immediately preceding his termination—the actions that Saitech says caused his termination.  Indeed, Gobert does not point to any evidence disputing that he failed to monitor the processing of documents for over a week. Morever, the fact that he previously received positive performance reviews by the same supervisors who fired him suggests, if anything, a *lack* of racial or age-based animus.

As for the isolated comment by the co-worker, Gobert does not in any way connect it to his supervisors, let alone to their actions in terminating him. And he admits that his supervisors did not make inappropriate comments.

As for the cell phones, there is conflicting evidence about whether they were available only to supervisors—which Gobert was not—or also to some lower-ranking employees.  But even assuming the latter, Gobert admitted that the employees with company cell phones had different job duties, and he has provided no evidence that they were similarly situated to him.  Accordingly, the district court properly granted summary judgment on the disparate-treatment claims.

---

[2] *See Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001) (holding that, to avoid a judgment as a matter of law, "'the plaintiff must produce substantial evidence of pretext'" (quoting *Auguster v. Vermilion Parish Sch. Bd.*, 249 F.3d 400, 402-03 (5th Cir. 2001))).

No. 10-61004

## III.

With respect to the hostile-work-environment claims,[3] Gobert alleges on appeal only that Raines, embarrassed him a couple of times at meetings (without referencing his race or age) and assigned him a lousy office. Such conduct is neither sufficiently severe or pervasive as to constitute harassment,[4] nor has Gobert provided any evidence that it was based on race or age, *see Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002).

## IV.

With respect to Gobert's retaliation claim, assuming *arguendo* that he engaged in protected activity, he has not provided any evidence of a causal link between that activity and his eventual termination. *See Turner*, 476 F.3d at 348. That claim fails as well.

AFFIRMED.

---

[3] We assume *arguendo* that a hostile work environment claim is available under the ADEA. *See Mitchell v. Snow*, 326 F. App'x 852, 854 n.2 (5th Cir. 2009) ("We have never held that the ADEA contemplates hostile work environment claims." (citing *McNealy v. Emerson Elec. Co.*, 121 F. App'x 29, 34 n.1 (5th Cir. 2005))).

[4] *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 347-48 (5th Cir. 2007) ("Although discriminatory verbal intimidation, ridicule, and insults may be sufficiently severe or pervasive to support evidence of a Title VII violation, simple teasing, offhand comments, and isolated incidents, (unless extremely serious) will not amount to discriminatory charges that can survive summary judgment." (internal quotation marks, brackets, and citations omitted)).